IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**M.L. and T.L., as Parents and Next
Friends of K.L., Minor,**

      Plaintiffs,

          v.                                 No. CIV-08-513 BB/RHS

**BOARD OF EDUCATION of the Floyd
Municipal Schools; PAUL BENOIT,
Superintendent of the Floyd Municipal
Schools, in his individual and official
capacities; CHRIS DUNCAN, Principal
of the Floyd Secondary School, in his
official and individual capacities,**

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on a motion to dismiss (Doc. #7) submitted by Defendants, the Board of Education for the Floyd Municipal Schools, Superintendent Paul Benoit, and Principal Chris Duncan ("the defendants"). Plaintiffs are M.L. and T.L., parents and next friends of K.L., a minor ("the plaintiffs"). For the reasons that follow, the defendants' motion to dismiss is GRANTED in part and DENIED in part.

### **Background**

K.L. is a minor female who enrolled in the Floyd Municipal Schools as a fifth grader in August 2002. It was then that F.M., one of her schoolmates, allegedly began abusing her. Shortly thereafter, K.L.'s parents began to report F.M.'s abuse to the then-principal of Floyd's secondary school, Mr. Duncan.

The Court need not delve into a detailed recitation of each instance of F.M.'s alleged abuse or the defendants' inaction here. It suffices to say that, according to the complaint, F.M. made numerous sexually disparaging remarks to K.L., bullied her, and physically humiliated her on several occasions from August 2002 until March 2007. Moreover, the complaint alleges inaction by the defendants despite K.L.'s parents' repeated complaints, and the repeated promises by Mr. Duncan and Mr. Benoit to handle the situation.

## Discussion

The plaintiffs predicate their claim on several theories. First, they assert under Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 U.S.C. § 1681 *et seq*. ("Title IX"), that the sexual harassment of K.L., combined with the defendants' unresponsiveness, interfered with K.L.'s access to educational opportunities and benefits provided by the Floyd Municipal Schools, which receive federal funding. Second, they claim under 42 U.S.C. § 1983 ("Section 1983") that K.L.'s right to bodily integrity and privacy, protected under the substantive due process component of the Fourteenth Amendment, was violated when F.M. repeatedly harassed her and the school board and some of its members did nothing to prevent or remedy the situation. Finally, the plaintiffs invoke the New Mexico Tort Claims Act ("the NMTCA"), claiming that the acts and failures to act by Mr. Benoit and Mr. Duncan were within the scope of their duties as state employees and violated K.L.'s right to attend school free from sexual harassment.

For their part, the defendants cite two reasons for dismissal of portions of the plaintiffs' claims. (*See* Def.'s Mot. to Dismiss, Doc. #8 at 3). First, they argue that this Court lacks subject matter jurisdiction because the plaintiffs' claims are based in part on events that did not occur

within the applicable statutes of limitations—one for Title IX and Section 1983, and another for the NMTCA. *Id.* They next claim that defendants Mr. Duncan and Mr. Benoit are entitled to judgment as a matter of law on all of the plaintiffs' claims, because they are public employees who were working within the course and scope of their employment when these alleged events occurred. *Id.*

### Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1973 (2007). Also, as this comes to the Court as a 12(b)(6) motion to dismiss, all facts depicted herein are based on the plaintiffs' complaint, and assumed to be true for purposes of this opinion. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005) (holding that, in reviewing a 12(b)(6) motion, courts "must assume the truth of the material facts as alleged in the complaint.") (citing *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325 (1991)).

I.  Statute of Limitations on Title IX, Section 1983, and NMTCA Claims

On Title IX claims, courts apply the state statute of limitations for personal injury claims, which in New Mexico is three years. *See, e.g., Curto v. Edmundson*, 392 F.3d 502, 503-04 (2d Cir. 2004), *cert. denied*, 125 S.Ct. 2944 (2005); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 77-78 (3d Cir. 1989); *see also* N.M. Stat. Ann. § 37-1-8 (1978) (New Mexico's personal injury statute). Similarly, Section 1983 claims are subject to the same statute of limitations as a personal injury action in the state in which the Section 1983 claim arises. *See, e.g., Wallace v. Kato*, 127 S.Ct. 1091, 1094 (2007). Claims under the NMTCA, on the other hand, must be filed

within two years. N.M. Stat. Ann. § 41-4-15(a) (1978). Since the plaintiffs filed this lawsuit on May 23, 2008, the Court must determine whether the alleged events occurring prior to May 23, 2005—with respect to Title IX and Section 1983—and those occurring prior to May 23, 2006—with respect to the NMTCA—are time barred. If so, this motion to dismiss must be granted.

The complaint alleges that F.M.'s abuse of K.L. began in August 2002, the school officials' failure to act commenced soon thereafter, and both occurred regularly until 2007. As the plaintiffs acknowledge, such instances up until May 23, 2005 or 2006—depending on the claim—would typically fall outside the statutes of limitations. (*See* Pl.'s Resp., Doc. # 11 at 2-3). They assert, however, that they are entitled to benefit from the "continuing violation" theory. Such theory is an exception to the general rule that a statute of limitations period begins running on the first occurrence of illegality. *See* 54 C.J.S., Limitation of Actions § 197. The exception "allows courts to consider conduct that would ordinarily be time barred as long as the untimely incidents represent an ongoing unlawful . . . practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 107 (2002). The plaintiffs argue that the incidents occurring outside the limitations periods were part of a continuing unlawful practice and should not be time barred. (Pl.'s Resp. at 3).

This Court thus must determine whether the "continuing violation" theory is applicable. The plaintiffs have presented no prior case in which a court applied the "continuing violation" theory to a Title IX claim. While some courts have intimated that such application may be appropriate under certain circumstances, it has yet to be done. *See, e.g., Walter v. Hamburg Cent. Sch. Dist.*, No. 04-CV-996S, 2007 WL 1480965, (W.D.N.Y.) (unpublished) ("even

assuming the continuing violation is applicable in the Title IX context, it does not extend to the . . . limitations period here); *and Folkes v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst. of Tech.*, 214 F. Supp.2d 273, 287 (E.D.N.Y., 2002) (explaining why the continuing violation exception "may be a poor fit with the goals of Title IX").

With this legal landscape as its starting point, the Court looks to *Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971 (5th Cir. 1983), for guidance on whether application of the "continuing violation" theory is appropriate here. In that case, the Fifth Circuit set forth a useful three-part framework to determine when the "continuing violation" theory should apply to a series of allegedly discriminatory acts. *Id.* at 981-82. First, courts look at the subject matter of each alleged act to determine whether similarity between them tends to connect them into a single, continuing violation. *Id.* at 981. The second factor in the *Berry* analysis is determining the frequency of the alleged discriminatory acts. *Id.* at 981. If the alleged acts recur often, they are more likely to constitute a continuing violation than would a few isolated acts. *Id.* Perhaps most relevant is the third factor in which the Court must determine the "degree of permanence" of an individual act or series of acts. *Id.* In other words, if an act or series of acts triggers the plaintiffs' awareness of, and duty to, assert their rights, the limitations period begins to run. *Id.*

Applying the first factor, the similarity in content between the various acts of harassment by F.M., and the complacency by the defendants, supports the plaintiffs' argument for a continuing violation exception to the statute of limitations. In addition, since these events occurred frequently—sometimes several times in a single month—the second *Berry* factor also works in the plaintiffs' favor.

On the other hand, applying the third factor disfavors application of the "continuing violation" theory here. The facts alleged in the complaint show that F.M.'s harassment began in September 2002, and the plaintiffs complained about it shortly thereafter—sometime later in the fall of 2002. Despite his assurances to the contrary, Mr. Duncan did nothing to remedy the harassment in 2002. The plaintiffs thus complained to Mr. Duncan again in the fall of 2003, as F.M.'s harassment had escalated throughout the preceding year. Nonetheless, F.M.'s harassment did not cease, and Mr. Duncan still took little action to address the plaintiffs' concerns.

A key date on these facts is an unspecified day in November 2003, when F.M. used a sexual expletive to harass K.L. She responded by throwing a small rock at him, and Mr. Duncan punished K.L., but not F.M., for the altercation. At that point, it should have been clear that the defendants were not responding properly to F.M.'s well-known and repeated acts of harassment. *See Davis v. Monroe County. Bd. of Educ.*, 526 U.S. 629, 636 (1999) (finding that Title IX encompasses a claim for damages due to a sexually hostile educational environment created by a fellow student "when the supervising authorities knowingly fail to eliminate the harassment.").

In *Davis*, the petitioner was the mother of a fifth-grader who had suffered a "prolonged pattern of sexual harassment by one of her . . . classmates." *Id.* at 632. The Supreme Court established in that case that Title IX may provide a cause of action against school officials who remain idle despite prolonged student-on-student harassment. *Id.* at 645. Such liability attaches so long as the school receives federal funding, the defendant–school officials have sufficient authority over the harassing student and the setting in which the harassment occurs, and the harassment is so "severe, pervasive, and objectively offensive" that it denies the victim access to the educational opportunities or benefits provided by the school. *Id.* at 650.

The similarity between the facts of *Davis* and those of this case is striking. By November 2003, K.L. had already suffered a prolonged pattern of harassment by F.M, and the defendants had failed to address it. The defendants had just as much authority over F.M. as the defendants in *Davis* had over the harassing student in that case, and the schools in both cases received federal funding. Moreover, the Court believes F.M.'s harassment was sufficiently severe as to deprive K.L. of access to educational opportunities provided by the Floyd Municipal Schools. Under Supreme Court precedent, therefore, a cause of action arose in November 2003, and the plaintiffs knew or should have known of their duty to file a claim then. Accordingly, the statute of limitations began running in November 2003 at the latest.

Though the Court is not unsympathetic to the plaintiffs' plight here, the overriding policies behind statutes of limitations would be eviscerated if courts did not apply general principles stringently to prevent stale and outdated claims. *See National Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991) ("A continuing wrong theory should not provide a means of relieving [a] plaintiff from its duty of reasonable diligence in pursuing its claims.").

This is not to say that the plaintiffs have no claim. On the contrary, the complaint alleges several acts of harassment by F.M., and inaction by the defendants, occurring within the statute of limitations period. Claims based on these events are still viable. Also, the plaintiffs may be able to raise time-barred violations of Title IX and the NMTCA as evidence to support their claim for damages based on events occurring within the relevant time frame.[1]

---

[1] Though the Court knows of no case in which this has been done in the Title IX or NMTCA contexts, it is common practice in Title VII cases to discuss certain time-barred events as evidence of an overall hostile work environment. *See, e.g., Morgan*, 536 U.S. at 113 (2002) (employer's pre-statute of limitations acts of discrimination used as background evidence in supporting a timely claim under Title VII); *United Air Lines v. Evans*, 431 U.S. 553, 558 (1977)

In sum, the plaintiffs had a cause of action well before May 2005 and May 2006, and instances occurring before those dates are now time barred. Accordingly, the defendants' motion to dismiss the plaintiffs' claims based on those acts occurring outside the statute of limitations periods is GRANTED.

Individual Defendants Sued in Their Official and Personal Capacities Under Section 1983 and Title IX

As the caption in the complaint indicates, the plaintiffs are suing individual defendants, Paul Benoit and Chris Duncan, in their official capacities under Section 1983 and the Fourteenth Amendment. However, it is well-settled that individual defendants, working within the scope of their official duties, cannot be joined in their official capacities in Section 1983 claims. *See, e.g., Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that state officials acting in their official capacities are not "persons" for purposes of Section 1983); *see also Hunter v. Young*, 238 Fed. Appx. 336, 338 (10th Cir. 2007) ("It is well-settled that a request for money damages against a state defendant in his official capacity is generally barred."); *and Ruiz v. McDonnell*, 299 F.3d 1173, 1181-82 (10th Cir. 2002) (same).

Equally well-established, however, is that Section 1983 claims may go forward against state officials acting in their individual capacities. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 166 (finding that a Section 1983 suit against a state official acting under color of state law may go forward against that official in his personal capacity). The defendants' argument that Mr.

---

(time-barred discriminatory act "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue."); *Lyons v. England*, 307 F.3d 1092, 1110-12 (9th Cir. 2002) (same). As neither party has addressed whether evidence of time-barred events may be introduced to support a Title IX claim, the Court need not decide the issue in this opinion.

Benoit and Mr. Duncan cannot be liable for Section 1983 violations in any capacity, therefore, is unavailing. Accordingly, Mr. Benoit and Mr. Duncan are dismissed from Section 1983 liability in their official capacities, but not in their personal capacities. As to the plaintiffs' Section 1983 claim, the defendants' motion to dismiss is GRANTED in part and DENIED in part.

The analysis for Title IX, however, differs from that of Section 1983. Since Title IX conditions "an offer of federal funding on a promise by a recipient not to discriminate," individual defendants—who do not themselves receive federal funding—are not bound by Title IX and thus cannot be liable in any capacity under that statute. *Kinman v. Omaha Pub. School Dist.*, 171 F.3d 607, 610-11 (1999). Given the foregoing, Mr. Benoit and Mr. Duncan are not liable under Title IX and their motion to dismiss is hereby GRANTED as to that claim.

## Conclusion

To summarize, the plaintiffs' invocation of the "continuing violation" theory is unavailing as no court has applied such exception to the general rule on statutes of limitations for Title IX claims. Also, as the third *Berry* factor disfavors it, this is not a proper occasion on which to expand the "continuing violation" exception into the realm of Title IX.

Moreover, the individual defendants are immune from suit in their official capacity under Section 1983 because it is settled law that individuals working as public officials within the scope of their employment may not be sued under Section 1983 in their official capacities. However, the individual defendants may still be liable in their personal capacities, and their motion to dismiss is therefore GRANTED in DENIED in part as to the plaintiffs' Section 1983 claim. Finally, Mr. Benoit and Mr. Duncan are entitled to dismissal on the plaintiffs' Title IX

claims, as that statute only implicates entities that receive federal funding. In light of the preceding analysis, the defendants' motion to dismiss is GRANTED in part and DENIED in part.

## **ORDER**

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that Defendants' motion to dismiss (Doc. #7) is GRANTED in part and DENIED in part.

**DATED** at Santa Fe this 5th day of December, 2008.

                                                                        _____
                                                                        BRUCE D. BLACK
                                                                        United States District Judge